IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **MADISON FUCHS,** individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>**v.**<br><br>**7-ELEVEN, INC.,**<br><br>Defendant. | **Case No.: 4:26-cv-00023-CLC-CHS**<br><br>**Jury Demanded** |

**PLAINTIFF'S FIRST AMENDED AND SUBSTITUTED COLLECTIVE ACTION COMPLAINT**

Plaintiff Madison Fuchs ("Plaintiff"), individually and on behalf of similarly situated hourly-paid employees of Defendant 7-Eleven, Inc., who performed work from its stores located in Tennessee at any point during the three years preceding the filing of the Original Complaint (ECF No. 1) to the present ("Class Members"), brings this First Amended and Substituted Complaint against 7-Eleven, Inc., d/b/a 7-Eleven ("Defendant"), showing in support as follows:

## I. INTRODUCTION AND NATURE OF ACTION

1. Plaintiff amends her Original Complaint (ECF No. 1) pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, which permits Plaintiff to amend her Complaint once as a matter of course no later than 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f).

2. The purposes of this Amended Complaint are to (a) remove the Tennessee state law claims and Rule 23 class action allegations; and (b) otherwise clarify and refine the allegations of Plaintiff's Complaint.

3. This is an action brought under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA").

4. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of her employees subject to the Act, unless the employee receives compensation for her employment in excess of 40 hours at a rate 'not less than one and one-half times the regular rate at which he is employed.'" *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)); *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally).

5. Defendant failed to pay Plaintiff and other similarly situated hourly-paid employees in accordance with the FLSA. Specifically, Defendant failed to pay wages to Plaintiff and other similarly situated hourly-paid employees for all hours worked including for hours worked in excess of forty hours per week.

6. Defendant's policies and/or practices with regard to Plaintiff and similarly situated hourly-paid employees violated the FLSA. Defendant typically required its hourly-paid employees to perform uncompensated work "off-the-clock" before and after their scheduled shifts. The time that Plaintiff and similarly situated hourly-paid employees spent working off-the-clock without pay was more than *de minimus*.

7. In weeks when Plaintiff and similarly situated hourly-paid employees worked more than forty hours (inclusive of time worked "off-the-clock"), which occurred frequently, this

requirement of performing uncompensated work off-the-clock resulted in a violation of the FLSA's overtime provisions under 29 U.S.C. § 207.

8. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policies and practice of failing to pay sufficient wages and proper overtime compensation according to federal laws.

10. Upon information and belief, within the three years prior to the filing of the Original Complaint (ECF No. 1), Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. PARTIES

11. Plaintiff is an individual who was employed by Defendant within the meaning of the FLSA and within the three-year period preceding the filing of the Original Complaint (ECF No. 1). She has consented to be a party in this action through the consent form that was filed on May 15, 2026 (ECF No. 1-1).

12. Plaintiff is an individual and resident of Tennessee, performed work for Defendant throughout Tennessee, including in the store located at 517 S Jackson St, Tullahoma, TN 37388.

13. Plaintiff and "Class Members" are Defendant's current and former hourly paid employees who worked in its stores located throughout Tennessee within the three years preceding the filing of the Original Complaint (ECF No. 1).

14. Defendant is a foreign corporation registered to do business in Tennessee and has waived service of process. *See* ECF No. 9.

15. Defendant does business as 7-Eleven.

16. Upon information and belief, Defendant maintains a website at www.7-eleven.com.

## III. JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

18. Defendant conducts business within the State of Tennessee and throughout the United States.

19. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to all claims occurred in this District.

## IV. COVERAGE

20. At all material times, Defendant acted, directly or indirectly, in the interest of employer with respect to Plaintiff.

21. At all times hereinafter mentioned, Defendant has been an employer or joint employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in

that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

24. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

25. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

26. Defendant directly hired Plaintiff, paid her wages, controlled her work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

27. During each of the three years preceding the filing of the Original Complaint (ECF No. 1), Defendant employed at least two individuals who engaged in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

28. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint (ECF No. 1).

29. Defendant is an "employer" within the meaning set forth in the FLSA and was at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the Class Members.

30. At all times material herein, Plaintiff and other Class Members have been entitled to the rights, protections, and benefits provided under the FLSA.

31. Defendant owns and operates convenience stores throughout the United States, including in Tennessee.

32. Defendant employed Plaintiff as an hourly-paid, non-exempt worker within the statutory period, until approximately July 2024, and at multiple stores in Tennessee including from its location at 517 S Jackson St, Tullahoma, TN 37388.

33. Defendant also employed other hourly-paid workers within the three years preceding the filing of this lawsuit within Tennessee and throughout the United States.

34. As an hourly-paid employee, Plaintiff was entitled to be paid each hour that was worked on Defendant's behalf. Instead of following the FLSA, Plaintiff and other similarly situated workers were regularly required to work beyond their scheduled shift time, particularly post-shift because the employee needed to relieve them during the following shift was either late or customers would require the attention of Plaintiff and other similarly situated workers after they had already clocked out of their shift.

35. Upon information and belief, other hourly-paid workers were not compensated for all hours worked including, but not limited to, this required, post-clock-out work.

36. Upon information and belief, Plaintiff and the Class Members frequently worked in excess of forty hours per week. However, Plaintiff and Class Members were paid for their assigned shift times rather than the actual hours they worked. Defendant failed to accurately track and pay for all hours of work, especially for time spent after assigned work shifts. Even when this additional time was presented to Defendant for pay, Defendant would either refuse to pay for all

of this time or "shave" or remove it from the submission and attempt to pay it during a later, non-overtime week.

37. Upon information and belief, and in the absence of discovery, Plaintiff estimates that during her tenure with Defendant that she was scheduled for at least five shifts a week, eight hours per shift. However, there were also times that she was scheduled to work up to seven shifts a week.

38. Plaintiff's shift would typically be from 2:00 PM to 10:00 PM, and she could be scheduled for any day of the week.

39. Upon information and belief, and in the absence of discovery, Plaintiff estimates that she worked at least 5 hours off-the-clock each week due to her regularly performing uncompensated work off-the-clock before and after her scheduled shifts.

40. Because Plaintiff regularly and typically worked at least forty hours on the clock a week, any unpaid off-the-clock work during those weeks would be unpaid overtime, especially because Plaintiff estimates that she worked at least 5 hours off-the-clock each week due to her regularly performing uncompensated work off-the-clock before and after her scheduled shifts.

41. Upon information and belief, and in the absence of discovery, Plaintiff incurred damages during most weeks that she worked for Defendant including, without limitation, the weeks of May 6, 2024; May 13, 2024; and May 20, 2024.

42. Upon information and belief, other hourly-paid workers had similar schedules and worked a similar number of hours off-the-clock as Plaintiff, made similar efforts to be paid for this time or were otherwise discouraged from submitting this time due to Defendant's practice to disregard, shave, or discourage such additional time submissions.

43. Upon information and belief, other hourly-paid workers also regularly and typically worked at least forty hours on the clock a week, and any unpaid off-the-clock work during those weeks would be unpaid overtime for them.

44. Defendant has employed other individuals under the same or similar pay provisions as Plaintiff, and who were also denied all wages and proper overtime compensation in the same manner as Plaintiff.

45. Defendant knew or should have known that Plaintiff and other hourly-paid workers were working additional hours off-the-clock for which they were not compensated. In fact, Plaintiff and other similarly situated workers complain that when they brought these violations to Defendant's attention, Defendant refused to pay the additional time when due because it was owed at overtime rates. In the rare instance where this time was paid, it was also subject to payment at regular rather than at overtime rates.

46. At all relevant times herein, Defendant has deprived Plaintiff and other hourly-paid workers of regular wages and overtime compensation for all hours worked.

47. Now, as the result of Defendant's failure to pay for time worked off-the-clock, Plaintiff and other hourly-paid workers are entitled not only to their back wages, but also to an equal amount of that overtime pay as liquidated damages and other relief including attorneys' fees.

48. Such overtime violations were not limited to a particular pay period but occurred regularly throughout Plaintiff's tenure with Defendant. Upon information and belief, similar overtime violations regularly occurred with respect to the Class Members during their tenure with Defendant.

49. Upon information and belief, and in the absence of discovery, Defendant's failure to pay for work performed off-the-clock was not limited to weeks in which Plaintiff and the Class Members worked overtime.

50. Upon information and belief, and in the absence of discovery, this policy or practice of Defendant to only pay wages for assigned shifts and to fail to pay for performing uncompensated work off-the-clock before and after scheduled shifts was uniformly and consistently applicable to all of its hourly-paid workers in Tennessee.

51. All of the putative Class Members were similarly classified as nonexempt employees and paid on an hourly basis and performed substantially similar job duties as Plaintiff.

52. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

53. Defendant either knew or should have known that Plaintiff and other hourly-paid employees were required to work off-the-clock.

## VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

54. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

55. During the relevant period, Defendant violated and continues to violate Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular

rates for which they were employed. Defendant acted willfully in failing to pay Plaintiff and the putative Collective Action Members in accordance with the law.

## VII. COLLECTIVE ACTION ALLEGATIONS

56. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

57. Plaintiff brings this lawsuit as a collective action on behalf of herself and on behalf of Defendant's current and former hourly paid employees who worked in its stores located throughout Tennessee within the last three years.

58. Plaintiff brings this lawsuit as an "opt-in" collective action, which may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

59. Plaintiff and the Class Members were all paid on an hourly basis and as such all admittedly eligible for the benefits of the FLSA under Defendant's own pay scheme.

60. During the period from three years prior to the filing of this suit until the filing of this suit, Defendant employed other individuals in a similar capacity as Plaintiff in that it did not pay these hourly-paid employees for performing work both before and after their assigned work shifts and in excess of forty hours per week. Accordingly, the Class Members victimized by Defendant's unlawful pattern and practices are similarly situated in terms of job duties and pay provisions.

61. Like Plaintiff, the Class Members regularly worked shifts of forty hours or more in a workweek. Thus, additional and uncompensated time should be compensated at the rate of time and one half the Class Members' regular rate of pay.

62. Defendant's failure to compensate employees for all hours worked, including in excess of forty in a workweek as required by the FLSA, results from generally applicable policies or practices of paying Plaintiff and Class Members for their shift times, as opposed to their actual hours of work, and does not depend on the personal circumstances of the Class Members. Even when Defendant acknowledged this extra work, it also would refuse to pay the additional time out of a practice that sought to minimize labor costs by not paying Plaintiff and Class Members for this work at overtime rates or at all. Relatedly, Defendant required Plaintiff and Class Members to perform mandatory trainings without pay. Thus, Plaintiff's experience is typical of the experience of the Class Member, the result of a pattern of activity, which Defendant has repeatedly failed to redress. Although Defendant requires them to perform similar duties, the precise job requirements of the various Class Members do not prevent collective treatment. All Class Members, regardless of their precise job title, requirements, or rates of pay, are entitled to wages for all hours worked under federal law, as well as overtime wages for all hours worked over forty in a workweek under federal law. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

63. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and the Class Members.

64. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action.

65. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VIII. <u>RELIEF SOUGHT</u>

66. WHEREFORE, premises considered, Plaintiff, individually and on behalf of other similarly situated persons, respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and Class Members (those who may join in the suit under the FLSA) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff and Class Members (those who may join in the suit under the FLSA);

B. For an Order awarding Plaintiff and Class Members the costs of this action;

C. For an Order awarding Plaintiff and Class Members attorneys' fees;

D. For an Order awarding Plaintiff and Class Members pre- judgment and post-judgment interest at the highest rates allowed by law; and

E. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ *J. Forester*

**FORESTER HAYNIE PLLC**
**J. Forester**
Texas Bar No. 24087532
1700 Pacific Ave., Suite 2630
Dallas, Texas 75201

(214) 210-2100 phone
wage@foresterhaynie.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

Service of this Complaint will be made electronically and in accordance with the Federal Rules of Civil Procedure.

s/ *J. Forester*
**J. Forester**